**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| SEAN MCDONNELL, on behalf of himself and all other persons similarly situated, and BARI DOLIN, KELLI FURGESON, GUNARS INKA, JENNIFER MACK, MICHAEL MOORE, FRANK WINTERS, JR., JOHN ADORNO, MEGAN KATZ, ANDREW ALBRIGHT, and KATIE LONZE, | ) | |
| | ) | Judge |
| Plaintiffs, | ) | |
| | ) | Case No. |
| v. | ) | |
| GROUPON, INC., | ) | |
| Defendant. | ) | |

**COMPLAINT**

Representative Plaintiff Sean McDonnell, on behalf of himself and all other persons similarly situated, known and unknown, and Individual Plaintiffs Bari Dolin, Kelli Furgeson, Gunars Inka, Jennifer Mack, Michael Moore, Frank Winters, Jr., John Adorno, Megan Katz, Andrew Albright and Katie Lonze (Representative Plaintiff and Individual Plaintiffs collectively referred to as "Plaintiffs"), through their attorneys and for their Complaint against Defendant Groupon, Inc. ("Groupon" or "Defendant"), state as follows:

**NATURE OF PLAINTIFFS' CLAIMS**

1. Plaintiffs' claims against Defendant arise under the Fair Labor Standards Act (FLSA), 29 U.S.C. §201, *et seq*., and the Illinois Minimum Wage Law (IMWL), 820 ILCS 105/1, *et seq*., for Defendant's failure to pay non-exempt inside sales representatives holding the

job positions of Account Representative and Account Executive (hereafter "Sales Reps") overtime wages.

2. Defendant pays its Sales Reps on a salary plus commission basis.

3. Prior to April 1, 2011, Defendant did not pay Sales Reps overtime wages when they worked in excess of forty (40) hours in individual work weeks.

4. Since August 23, 2011, Defendant has not paid Sales Reps overtime wages when they work in excess of forty (40) hours in individual work weeks.

5. Between April 1, 2011, and August 22, 2011, Defendant paid Sales Reps overtime wages but did not include Sales Reps' commission wages in their regular rate of pay for purposes of computing overtime wages paid to them.

6. Plaintiffs filed Notices of Consent to Become Party Plaintiffs in a Collective Action Under the Fair Labor Standards Act ("Notice of Consent") in a collective action that was filed in the United States District Court for the Northern District of Illinois, *Dailey, et al. v. Groupon, Inc.*, 11 C 05685 (the "*Dailey* Action"), on the following dates:

a. Plaintiff McDonnell filed a Notice of Consent in the *Dailey* Action on February 3, 2012;

b. Plaintiff Dolin filed a Notice of Consent in the *Dailey* Action on March 5, 2012;

c. Plaintiff Furgeson filed a Notice of Consent in the *Dailey* Action on January 30, 2012;

d. Plaintiff Inka filed a Notice of Consent in the *Dailey* Action on February 6, 2013;

e. Plaintiff Mack filed a Notice of Consent in the *Dailey* Action on

February 2, 2012;

f. Plaintiff Moore filed a Notice of Consent in the *Dailey* Action on February 6, 2012;

g. Plaintiff Winters filed a Notice of Consent in the *Dailey* Action on February 21, 2012;

h. Plaintiff Adorno filed a Notice of Consent in the *Dailey* Action on March 26, 2012;

i. Plaintiff Katz filed a Notice of Consent in the *Dailey* Action on March 8, 2012, under her former name, Megan Sclaroff;

j. Plaintiff Albright filed a Notice of Consent in the *Dailey* Action on January 26, 2012;

k. Plaintiff Lonze filed a Notice of Consent in the *Dailey* Action on March 20, 2012.

7. On November 10, 2014, the district court in the *Dailey* Action entered an order dismissing Plaintiffs from the *Dailey* Action.

8. Plaintiff McDonnell brings his IMWL claim on behalf of himself and on behalf of a class of Sales Reps under Rule 23. Fed. R. Civ. P. 23.

9. Plaintiff McDonnell brings his FLSA claim on behalf of himself and on behalf of a class of similarly-situated Sales Reps under the collective action provisions of the FLSA. 29 U.S.C. §216(b).

10. The Individual Plaintiffs also raise overtime claims on their own behalf under the IMWL and the FLSA.

11. Plaintiffs' notices of consent to participate in this FLSA collective action are attached as Group Exhibit A.

**THE PARTIES**

12. Plaintiffs were employed by Defendant as Sales Reps at Defendant's Chicago, Illinois offices.

13. Defendant Groupon is a Delaware corporation.

14. Defendant Groupon's principal place of business is located in Chicago, Illinois, within this judicial district.

15. Plaintiffs were Defendant's "employee(s)," as that term is defined by the FLSA. 29 U.S.C. §203(d).

16. Plaintiffs were Defendant's "employee(s)," as that term is defined by the IMWL. 820 ILCS 105/3(d).

17. During the course of their employment by Defendant, Plaintiffs were not exempt from the overtime wage provisions of the FLSA. 29 U.S.C. § 207.

18. During the course of their employment by Defendant, Plaintiffs were not exempt from the overtime wage provisions of the IMWL. 820 ILCS 105/4a.

19. Defendant was Plaintiffs' "employer" as defined in the FLSA. 29 U.S.C. §203(d).

20. Defendant was Plaintiffs' "employer" as defined by the IMWL. 820 ILCS 105/3(c).

21. Defendant is an "enterprise" as defined by the FLSA, 29 U.S.C. §203(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA. 29 U.S.C. §203(s)(1).

22. Defendant's annual gross volume of sales made or business done exceeds $500,000, exclusive of excise taxes.

23. During the course of Plaintiffs' employment by Defendant, Plaintiffs were engaged in interstate commerce.

**FACTUAL BACKGROUND**

24. Defendant is in the business of selling discount coupons throughout the United States; merchants agree to feature their goods or services at a discount in exchange for advertising on the Groupon website.

25. Defendant has employed more than one hundred Sales Reps since August 23, 2011.

26. Groupon's organizational charts identify Sales Reps as being employed at the bottom of each *sales* team.

27. Sales Reps spend the majority of their time in a core role prospecting and selling within their given market.

28. Sales Reps are responsible for "cold calling" businesses within a geographic market and selling those merchants on the benefits of offering discounted coupons on Groupon's website.

29. Sales Reps are responsible for securing commitments from those merchants to run discounted coupons on Groupon's website.

30. While Groupon and a merchant would enter into a "contract" for a particular deal as a result of the Sales Rep's effort, that contract did not mean that Groupon would run that merchant's deal.

31. Sales Reps were not responsible for deciding whether Groupon would ultimately run a particular merchant's deal.

**COUNT I**
**Violation of the Fair Labor Standards Act - Overtime Wages**
**(Plaintiff McDonnell on behalf of himself and on behalf of a class of similarly-situated Sales Reps employed by Defendant, and the Individual Plaintiffs on their own behalf)**

Plaintiffs hereby reallege and incorporate paragraphs 1 through 31 of this Complaint.

32. This count arises from Defendant's violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, for its failure to pay overtime wages to Plaintiffs at a rate of one and one-half times their regular rate of pay.

33. Plaintiffs were directed by Defendant to work in excess of forty (40) hours in one or more individual work weeks within their applicable limitations periods.

34. Plaintiffs worked for Defendant in excess of forty (40) hours in one or more individual work weeks within their applicable limitations period.

35. Other Sales Reps worked for Defendant in excess of forty (40) hours in one or more individual work weeks since January 1, 2012.

36. Defendant did not pay Plaintiffs overtime wages for the time they worked in excess of forty (40) hours prior to April 1, 2011, and after August 22, 2011.

37. Defendant did not pay Plaintiffs all their earned overtime wages for the time they worked between April 1, 2011, and August 22, 2011.

38. Defendant failed to include earned commissions in Plaintiffs' regular rates of pay for purposes of computing their earned overtime wages between April 1, 2011, and August 22, 2011.

39. Defendant did not pay other similarly-situated Sales Reps overtime wages for the

time they worked in excess of forty (40) hours in individual work weeks since January 1, 2012.

40. Defendant's failure to pay Plaintiffs overtime wages at a rate of one and half times their regular rate of pay for all time worked in excess of forty (40) hours in individual work weeks violated § 207 of the FLSA.

41. Defendant's failure to pay other Sales Reps overtime wages at a rate of one and half times their regular rate of pay for all time worked in excess of forty (40) hours in individual work weeks violated § 207 of the FLSA.

42. In August 2011, Groupon directed Sales Reps to stop recording their hours worked in Groupon's time keeping system.

43. Defendant willfully violated the FLSA by refusing to pay Plaintiffs and other Sales Reps overtime wages for all time they worked in excess of forty (40) hours per week.

44. Plaintiffs are entitled to recover unpaid overtime wages for up to three years prior to the filing of their consent forms in the *Dailey* Action.

45. Other Sales Reps are entitled to recover unpaid overtime wages for up to three years prior to the filing of their consent forms in this lawsuit.

WHEREFORE, Plaintiffs and those similarly situated pray for a judgment against Defendant as follows:

A. A judgment in an amount equal to Plaintiffs' and similarly-situated Sales Reps' unpaid overtime wages;

B. Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

C. An award of prejudgment interest to the extent liquidated damages are not awarded;

D. Reasonable attorneys' fees and costs incurred in filing this action; and

E. Such other and further relief as this Court deems appropriate and just.

**COUNT II**
**Violation of the Illinois Minimum Wage Law - Minimum Wages**
**(Plaintiff McDonnell on behalf of himself and a class of Sales Reps employed by Defendant in Illinois, and the Individual Plaintiffs on their own behalf)**

Plaintiffs hereby reallege and incorporate paragraphs 1 through 45 of this Complaint.

46. This count arises from Defendant's violation of the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq.*, for its failure to pay Plaintiffs their earned overtime pay for time worked in excess of forty (40) hours in individual work weeks.

47. Plaintiff McDonnell, and members of the class he seeks to represent, are current and former Sales Reps employed by Defendant in Illinois and who were not paid overtime pay for the time they worked in excess of forty (40) hours in individual work weeks between August 23, 2011, and the conclusion of the lawsuit.

48. The number of Sales Reps who worked for Defendant in Illinois, worked in excess of forty hours in individual work weeks since August 23, 2011, and who were not paid overtime wages for the overtime hours they worked, exceeds 100 persons.

49. Defendant's failure to pay Plaintiffs any overtime pay for the time they worked in excess of forty (40) hours in individual work weeks prior to April 1, 2011, and after August 22, 2011, violated the overtime provisions of the IMWL. 820 ILCS 105/4a.

50. Defendant's failure to pay Plaintiffs overtime wages at a rate of one and one-half times their regular rate of pay for all time worked in excess of forty (40) hours in individual work weeks between April 1, 2011, and August 22, 2011, violated the overtime provisions of the IMWL. 820 ILCS 105/4a.

51. Defendant's failure to include earned commissions in Plaintiff's regular rate of pay for computing their overtime wages earned between April 1, 2011, and August 22, 2011, violated the overtime provisions of the IMWL. 820 ILCS 105/4a.

52. Defendant's failure to pay other Sales Reps any overtime pay for the time they worked in excess of forty (40) hours in individual work weeks since August 23, 2011, violated the overtime provisions of the IMWL. 820 ILCS 105/4a.

53. This Count is brought pursuant to Rule 23 because other Sales Reps are similarly situated to Representative Plaintiff McDonnell, and they are so numerous that joinder of all members is impracticable.

54. Representative Plaintiff McDonnell and other Sales Reps are equally affected by the overtime wage payment violations Defendant committed, and the relief sought is for the benefit of Representative Plaintiff McDonnell and the class of Sales Reps that he seeks to represent.

55. The issues involved in this lawsuit present common questions of law and fact.

56. The common questions of law and fact predominate over the variations which may exist between members of the class, if any.

57. Representative Plaintiff McDonnell and the class of Sales Reps he seeks to represent on one hand, and Defendant on the other, have a commonality of interest in the subject matter and remedy sought, namely back wages plus penalties, interest, attorneys' fees and the cost of this lawsuit.

58. The violations alleged by Representative Plaintiff McDonnell are the result of generally applicable policies or practices, and the common questions will predominate over any individual questions in this action.

59. Representative Plaintiff McDonnell believes and asserts that he is able to fairly and adequately represent and protect the interests of the class.

60. Plaintiffs' counsel is experienced in the prosecution of wage and hour class actions.

61. If individual actions were required to be brought by each of the similarly-situated persons injured or affected, it would necessarily result in multiplicity of lawsuits, creating a hardship to the individuals and to the Court, as well as to Defendant.

62. A class action is a superior method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the class is entitled.

63. Pursuant to 820 ILCS 105/12(a), Plaintiffs are entitled to recover unpaid overtime wages for the period beginning three years prior to the filing of the *Dailey* Action, plus punitive damages in the amount of two percent (2%) per month of the amount of underpayment.

64. Pursuant to 820 ILCS 105/12(a), the class of Sales Reps Representative Plaintiff McDonnell seeks to represent are entitled to recover unpaid overtime wages during the Class Period, plus additional damages in the amount of two percent (2%) per month of the amount of underpayment.

WHEREFORE, Plaintiffs and the class of Sales Reps Representative Plaintiff McDonnell seeks to represent pray for judgment against Defendant as follows:

A. A judgment in the amount of all back wages due as provided by the Illinois Minimum Wage Law;

B. Prejudgment interest on the back wages in accordance with the Illinois Interest Act, 815 ILCS 205/2, and additional damages pursuant to the formula set forth in the Illinois Minimum Wage Law, 820 ILCS 105/12(a);

C. Reasonable attorneys' fees and costs of this action as provided by the Illinois Minimum Wage Law;

D. An injunction precluding Defendant from violating the Illinois Minimum Wage Law; and

E. Such other and further relief as this Court deems just and proper.

**JURY DEMAND**

Plaintiffs hereby demand a trial by jury on all counts.

Dated: November 10, 2014

Respectfully submitted,

s/Douglas M. Werman
One of the Attorneys for Plaintiffs

Douglas M. Werman –dwerman@flsalaw.com
Maureen A. Salas- msalas@flsalaw.com
Sarah J. Arendt- sarendt@flsalaw.com
Zachary C. Flowerree- zflowerree@flsalaw.com
Werman Salas P.C.
77 W. Washington, Suite 1402
Chicago, IL 60602
(312) 419-1008

Jamie G. Sypulski – jsypulski@sbcglobal.net
Law Office Jamie Golden Sypulski
150 North Michigan Avenue
Suite 1000
Chicago, Illinois 60601
(312) 360-0960